Louis B. Helleb, J.
Plaintiff moves pursuant to subdivision 6 of rule 109 of the Rules of Civil Practice to strike out the two affirmative defenses set forth in the answer of defendant Blaine Cohen. The first defense pleads the Statute of Limitations; the second the Statute of Frauds. Plaintiff’s other motion seeks a discovery and inspection of the personal property here involved.
Movant in this replevin action seeks to recover a diamond ring which she allegedly pledged with defendant Ethel Cohen, or, in the alternative, damages in the sum of $2,500.
As to the first motion, there is here a controversy as to the existence, the content and effect of the oral agreement. Whether the contract, if made, is void and unenforcible under either or both of the statutes set forth in the affirmative defenses, can best be determined upon a trial of the issues (Jacobson v. Jacobson, 268 App. Div. 770). This motion is, accordingly, denied.
As to plaintiff’s motion for discovery and inspection of the diamond ring, which is concededly the property relating to the
*139 merits of the action, same is allowed (Paliotta v. Hartman, 2 A D 2d 866; Civ. Prac. Act, § 324), the plaintiff to pay all the appraisal and inspection fees. Let the inspection of the subject property proceed at a time and place agreed to by counsel and inserted in the order to be entered hereon. Should the attorneys be unable to agree, the court will fix same. Settle orders on notice.